# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| RAMON FRANCISCO CASTILLO, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:22-cv-01459-LSC-SGC |
| S. SNIDER, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

The petitioner, Ramon Francisco Castillo, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On February 21, 2024, the magistrate judge entered a report recommending the court deny the petition because Castillo's concurrent sentences were properly calculated and because he did not exhaust his administrative remedies with respect to his argument that the calculation of his sentences violates the Double Jeopardy Clause of the Fifth Amendment of the United State Constitution. (Doc. 22).

On March 8, 2024, the court received from Castillo a request to extend his deadline to object to the Report and Recommendation. (Doc. 23). Castillo reported that the facility where he is housed, Federal Correctional Institution—Talladega, is on lockdown because of inmate conflicts. (Doc. 23). He asked for 45 more days to object to the Report and Recommendation so that he could access the law library

and copy machine. (Doc. 23). That request was granted in part and denied in part on March 12, 2024; Castillo was given an extension until March 20, 2024, to file his objections. (Doc. 24).

On March 21, 2024, the court received from Castillo a second motion for an extension of time. (Doc. 25). Castillo asks for a 30-day extension of the objection period because of the lockdown, because he does not speak English, and because another inmate is researching, drafting, and typing his objection. As with his first request for an extension, Castillo does not identify any factual finding to which he objects. Further, this motion was dated March 11, 2024, and so predated the court's prior order extending Castillo's objection period until March 20, 2024. Accordingly, this motion will be denied as moot.

Castillo is serving two separate sentences—one for 60 months imprisonment for violating 18 U.S.C. § 1952(a)(3), imposed on May 2, 2017, and one for 150 months imprisonment for violating 21 U.S.C. §§ 846, 841(a)(1), 841(B)(1)(B)(i), & 841(b)(1)(C), imposed on January 13, 2020. The second sentence was to be served concurrently with the first, and so Castillo contends it should have started at the same time the first one started, even though they were imposed almost three years apart. He argues that calculating his second sentence as starting on January 13, 2020—the day it was imposed—effectively converts his sentences into consecutive ones.

As the magistrate judge explained, however, this is not the law in the Eleventh Circuit. *See Coloma v. Holder*, 445 F.3d 1282 (11th Cir. 2006). In *Coloma*, the Eleventh Circuit stated that a "concurrent" sentence "does not mean that the two sentences have the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Id.* (internal quotations omitted and alterations adopted). Had Castillo been sentence to consecutive sentences, the aggregate term of his sentences would be 210 months, not his current aggregate term of 182 months. A federal sentence cannot start before the date it is pronounced, even when it is made concurrent with a sentence already being served. *See id.* Accordingly, Castillo's petition is due to be denied.

Further, Castillo argued for the first time on reply that the calculation of his sentences violates the Double Jeopardy clause. This was not a basis for his Request for Administrative Remedy, his administrative appeals, or his original habeas petition. The Eleventh Circuit requires that § 2241 petitioners exhaust their administrative remedies before habeas relief can be granted. *See Watkins v. Haynes*, 445 F. App'x 181, 183–84 (11th Cir. 2011). Because Castillo did not exhaust this claim, this court should not consider it now.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. (Doc.

22). Consistent with that recommendation, the court finds Castillo's petition is due to be denied. Castillo's second request to extend the objection period is **DENIED** as **MOOT**. (Doc. 25).

A final judgment will be entered.

**DONE** and **ORDERED** on March 26, 2024.

_____
L. Scott Coogler
United States District Judge

160704