UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RAMON FRANCISCO CASTILLO, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:22-cv-01459-LSC-SGC |
| S. SNIDER, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

The petitioner, Ramon Francisco Castillo, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On February 21, 2024, the magistrate judge entered a report recommending the court deny the petition because Castillo's concurrent sentences were properly calculated and because he did not exhaust his administrative remedies with respect to his argument that the calculation of his sentences violates the Double Jeopardy Clause of the Fifth Amendment of the United State Constitution. (Doc. 22).

On March 8, 2024, the court received from Castillo a request to extend his deadline to object to the Report and Recommendation. (Doc. 23). Castillo reported that the facility where he is housed, Federal Correctional Institution—Talladega, is on lockdown because of inmate conflicts. (Doc. 23). He asked for 45 more days to file his objection so that he could access the law library and copy machine. (Doc.

23). That request was granted in part and denied in part on March 12, 2024; Castillo's deadline was extended until March 20, 2024. (Doc. 24).

On March 21, 2024, the court received from Castillo a second motion for an extension of time. (Doc. 25). Castillo again sought a 30-day extension of the objection period because of the lockdown, because he does not speak English, and because another inmate was researching, drafting, and typing his objection. This motion, dated March 11, 2024, predated the court's previous order extending the objection period until March 20, 2024, and so it was denied as moot. (Doc. 26).

The court did not receive any objection within the time prescribed, and on March 26, 2024, it adopted the magistrate judge's report and accepted her recommendation. (Doc. 26). That same day, the court entered a final judgment denying Castillo's petition for a writ of habeas corpus. (Doc. 27).

The following day, the court received Castillo's objection to the Report and Recommendation, dated March 20, 2024. (Doc. 28). Although not docketed until March 27, 2024, the document is deemed filed on March 20 – the date Castillo signed it – by operation of the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988) (holding a *pro se* prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, [a court] will assume [a pro se prisoner's] motion was delivered

2

to prison authorities the day he signed it . . . ."). March 20, 2024, was the deadline to object to the Report and Recommendation and several days before the court entered the final judgment in this case. Therefore, the court will vacate its prior Memorandum Opinion and Final Judgment and enter this amended Memorandum Opinion to address Castillo's timely-filed objection to the Report and Recommendation. For the reasons stated below, Castillo's objection is overruled.

Castillo is serving two separate sentences—one for 60 months imprisonment for violating 18 U.S.C. § 1952(a)(3), imposed on May 2, 2017, and one for 150 months imprisonment for violating 21 U.S.C. §§ 846, 841(a)(1), 841(B)(1)(B)(i), & 841(b)(1)(C), imposed on January 13, 2020. The second sentence was to be served concurrently with the first. Therefore, Castillo argues, the duration of the second sentence should be calculated as having started at the same time the first sentence started, even though they were imposed almost three years apart. He contends that calculating his second sentence as starting on January 13, 2020—the day it was imposed—means he is serving consecutive, rather than concurrent, sentences. Castillo's objection repeats this argument that his release date requires him to serve 182 months instead of the 150 months to which he was sentenced. (Doc. 28 at 2).

As the magistrate judge explained, however, this is not the law in the Eleventh Circuit. *See Coloma v. Holder*, 445 F.3d 1282 (11th Cir. 2006). In *Coloma*, the Eleventh Circuit stated that a "concurrent" sentence "does not mean that the two

sentences have the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Id.* (internal quotations omitted and alterations adopted). This means the time Castillo served to satisfy his first sentence before the imposition of his second sentence cannot be credited toward his second sentence. The time remaining on his first sentence as of January 13, 2020, however, can be credited toward his second sentence because his second sentence is concurrent with the first.

Castillo's aggregate term of confinement for his two convictions is 15 years, 2 months, and 11 days, or, in other words, 182 months and 11 days. Had Castillo been sentence to consecutive sentences, the aggregate term of his sentences would be 210 months. A federal sentence cannot start before the date it is pronounced, even when it is made concurrent with a sentence already being served. *See id.* Accordingly, Castillo's petition is due to be denied.

Further, Castillo's argument that the calculation of his sentences violates the Double Jeopardy clause – presented for the first time in his reply – was not a basis for his Request for Administrative Remedy, his administrative appeals, or his original habeas petition. The Eleventh Circuit requires that § 2241 petitioners exhaust their administrative remedies before a court may grant habeas relief. *See Watkins v. Haynes*, 445 F. App'x 181, 183–84 (11th Cir. 2011). Because Castillo did not exhaust this claim, this court should not consider it now.

The court **VACATES** its Memorandum Opinion (Doc. 26) and Final Judgment (Doc. 27). Further, the court **OVERRULES** the objection (Doc. 28), **ADOPTS** the magistrate judge's report, and **ACCEPTS** her recommendation. (Doc. 22). Consistent with that recommendation, the court finds Castillo's petition is due to be denied.

A final judgment will be entered.

**DONE** AND **ORDERED** ON MAY 17, 2024.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704